DRAKE, J.
|2The plaintiff, Donald M. Johnson, appeals a judgment of the district court denying his petition for judicial review and dismissing his claims. Mr. Johnson is an aerial applicator certified with the State of Louisiana, Department of Agriculture , and Forestry (LDAF), and has been engaged in the business of aerial, applications since the early 1970’s. Following complaints made by residents in East Carroll Parish in 2012 and 2013, the LDAF initiated investigations into Mr. Johnson’s aerial applications. As a result of the investigations, the LDAF filed formal charges against Mr. Johnson with the Louisiana Advisory Commission on Pesticides (Commission) for three alleged violations[1] of the Louisiana Pesticide Law, La. R.S. 3:3201 et seq.[2] Following an adjudicatory hearing held on May 28, 2014, the Commission issued the following findings of fact and conclusions of law on June 3, 2014, which stated, in pertinent part:
[Mr. Johnson], by letter dated September 26, 2013, was charged with three violations of La. R.S. 3:3252(A)(2) for “making a pesticide ... application inconsistent with the labeling....” The first charge resulted from an application of a pesticide made by [Mr. Johnson] on or about February 8, 2012 in East Carroll Parish. The second charge resulted from an application of a pesticide made by [Mr. Johnson] on or about January 14, 2013 in East Carroll Parish. The third charge resulted from an application of a pesticide made by [Mr. Johnson] on or about January 24, 2013 in East Carroll Parish.
At the hearing, the Commission heard live testimony of several witnesses and reviewed evidence submitted into the record by the Department and Mr. Johnson. Upon reviewing this evidence and considering the testimony given,- the Commission unanimously voted that the evidence supported finding Mr. Johnson in violation of La. R.S. 3:3252(A)(2) for all three charges brought against him.
|aThe Commission, relying upon the penalty matrix, chose to treat each application as a separate offense. For the first offense (the February 8, 2012 application), the Commission unanimously imposed a penalty of $ l,000.[3] For the second offense (the January 14, 2013 application), the Commission unanimously imposed a penalty of $2,500. For the third offense (the January 24, 2013 application), the Commission unanimously imposed a penalty of $5,000,
The findings of fact, conclusions of law[,] and penalty imposed were unanimously approved by the Commission in open hearing on May 28, 2014 in Baton Rouge, Louisiana.
On June 30, 2014, the Commissioner of the LDAF, Mike Strain, adopted the June 3, 2014 findings' of the Commission as his final decision in the matter. Thereáfter, Mr. Johnson sought judicial review of Commissioner’s decision at 'the Nineteenth *564 Judicial District Court. Mr. Johnson also requested a stay order from the enforcement of monetary penalties imposed by the Commission pending judicial review of his case by the district court, which the trial court granted on August 5, 2014. Following a hearing, the district court affirmed the final decision rendered by the Commissioner, lifted the stay order on the enforcement of monetary penalties, and dismissed the claims of Mr. Johnson, with prejudice, in a judgment signed on January 30, 2015, Mr. Johnson now appeals.
The Louisiana Administrative Procedure Act, at La. R.S. 49:964(G), governs the judicial review of a final decision in an agency adjudication, providing that:
The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
14(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Not supported and sustainable by a preponderance of the evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency’s determination of credibility issues.
Any one of the six bases listed in the statute is sufficient to modify or reverse an agency determination. Doc’s Clinic, APMC v. State ex rel. Dept. of Health and Hospitals, 2007-0480 (La.App. 1 Cir. 11/2/07), 984 So.2d 711, 718, writ denied, 2007-2302 (La.2/15/08), 974 So.2d 665. The APA further specifies that judicial review shall be conducted by the court without a jury and shall be confined to the record. La. R.S. 49:964(F).
When reviewing an administrative final decision, the district court functions as an appellate court. Doc’s Clinic, 984 So.2d at 718. Once a final judgment is rendered by the district court, an aggrieved party may seek review by appeal to the appropriate appellate court. La. R.S. 49:965. On review of the district court’s judgment, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. Carpenter v. State, Dept. of Health and Hospitals, 2005-1904 (La.App. 1 Cir. 9/20/06), 944 So.2d 604, 608, writ denied, 06-2804 (La.1/26/07), 948 So.2d 174. Thus, an appellate court sitting in review of an administrative agency reviews the findings and decision of the administrative agency and not the decision of the 15district court. Our Lady of Lake Roman Catholic Church, Mandeville v. City of Mandeville, Planning & Zoning Comm’n., 2013-0837 (La.App. 1 Cir. 2/3/14), 147 So.3d 186, 189. Consequently, this court will conduct its own independent review of the record in accordance with the standards provided in La. R.S. 49:964(G).
*565 This dispute may be analyzed under either La. R.S. 49:964 G(5) or (6), because when the issue on review is an administrative agency’s evaluation of the evidence and application of law to facts, our review becomes somewhat intertwined. Credibility determinations of evidence are specifically considered as factual questions under La. R.S. 49:964 G(6), but the application of the facts to the law at issue is a legal conclusion subject to analysis under La. R.S. 49:964 G(5). Wild v. State, Dept. of Health & Hospitals, 2008-1066 (La.App. 1 Cir. 12/28/08), 7 So.3d 1, 5.
Based on our review of the record, the LDAF submitted to the Commission proof by a preponderance of the evidence that all three applications made by Mr. Johnson were in violation of La. R.S. 3:3252(A)(2). In his petition for judicial review, Mr. Johnson did not allege any violations of his substantial rights; however, had he alleged such violations, there is no indication based on our independent review of the record that the Commission’s administrative findings — that there was substantial, competent evidence to support that the three aerial applications made by Mr. Johnson were in violation of La. R.S. 3:3252(A)(2) — was arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion, or not supported and sustainable by a preponderance of the evidence as determined by this court. Accordingly, we find that the record amply supports the judgment of the district court. Therefore, based on our review of the record and considering the applicable law and rules governing these proceedings, we affirm the January 30, 2015 judgment of the district court on judicial review of this administrative matter. All costs of this appeal are assessed | fito the plaintiff/appellant, Donald M. Johnson. This memorandum opinion is issued in compliance with Uniform Rules— Courts of Appeal, Rule 2-16.1(B).
AFFIRMED.

. The three violations were for aerial pesticide applications that Mr. Johnson made on February 8, 2012, January 14, 2013, and January 24, 2013 in East Carroll Parish.

.. Specifically, the LDAF alleged that Mr. Johnson violated La. R.S. 3:3252(A)(2) for "[mjaking a pesticide ... application inconsistent with the labeling ...”.

. The findings of fact first issued by the Coin-mission’s hearing officer on May 30, 2014, inaccurately stated that the Commission imposed a $500 penalty for Mr. Johnson's first offense.