MCCLENDON, J.
The Louisiana State Board of Examiners of Psychologists ("the Board") seeks review of a district court judgment that vacates the Board's revocation of a psychologist's license based on the court's conclusion that the Board violated the psychologist's right to due process. For the following reasons, we reverse the district court's judgment and remand this matter to the district court for further proceedings.
FACTS AND PROCEDURAL HISTORY
Eric R. Cerwonka is a duly licensed and practicing psychologist in the State of Louisiana. On October 20, 2015, an administrative complaint was filed against Dr. Cerwonka with the Louisiana State Board of Examiners of Psychologists. The Board notified Dr. Cerwonka of the complaint in writing on January 25, 2016. On August 5, 2016, supplemental notice was sent to Dr. Cerwonka setting forth an additional statement of material facts and matters alleged to be in violation of the Board's rules and regulations. After a Bertucci hearing,[1] the Board issued a summary suspension of Dr. Cerwonka's license.
Following a disciplinary hearing held on January 12 and 13, 2017, the Board rendered an opinion on February 10, 2017, that revoked Dr. Cerwonka's license to practice psychology in the State of Louisiana.
Dr. Cerwonka subsequently sought review of the Board's opinion by filing a petition with the Nineteenth Judicial District Court. Therein, Dr. Cerwonka alleged that there was no substantial evidence presented by the Board that he should have his license to practice revoked. Dr. Cerwonka *32 also asserted that the Board violated his right to due process.
Following oral argument and briefs submitted by the parties, the district court found that the Board violated Dr. Cerwonka's right to due process in two aspects: (1) allowing Lloyd Lunceford, a member of the same law firm as the Board's general counsel, to serve as presiding officer[2] of the administrative proceeding; and (2) allowing James R. "Jim" Raines, who represented Dr. Cerwonka in a prior child custody matter, to serve as the Board's prosecuting attorney. The district court signed a judgment on July 26, 2017, vacating the Board's February 10, 2017 opinion, and ordering that if the Board prosecutes Dr. Cerwonka again for the same matters, it shall not use a Board attorney and a presiding officer from the same firm, nor shall it use the same presiding officer or prosecuting attorney from the prior hearing.
The Board has appealed, assigning the following as error:
1. The district court erred in reversing the February 10, 2017, Order of the Board and remanding the case to the Board for additional proceedings.
2. The district court erred in finding that Cerwonka's right to due process was violated by the [presiding officer] and the Board's attorney being members of the same firm.
3. The district court erred in finding that Cerwonka's right to due process was violated by the use of James Raines as prosecuting attorney.
DISCUSSION
The Louisiana Administrative Procedure Act, at LSA-R.S. 49:964(G), governs the judicial review of a final decision in an agency adjudication, providing that:
The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Not supported and sustainable by a preponderance of the evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
Any one of the six bases listed in the statute is sufficient to modify or reverse an agency determination. Johnson v. Strain, 15-0714 (La.App. 1 Cir. 11/6/15), 183 So.3d 562, 564. Once a final judgment is rendered *33 by the district court, an aggrieved party may seek review by appeal to the appropriate appellate court. LSA-R.S. 49:965 ; Johnson, 183 So.3d at 564. On review of the district court's judgment, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. Johnson, 183 So.3d at 564. Consequently, this court will conduct its own independent review of the record in accordance with the standards provided in LSA-R.S. 49:964(G). See Johnson, 183 So.3d at 564.
It is undisputed that the Board's general counsel, Amy Groves Lowe, and the presiding officer at the administrative hearing, Lloyd Lunceford, belong to the same law firm. On appeal, the Board contends that this connection in itself, without any showing of any actual impropriety, is insufficient to violate due process. On the other hand, Dr. Cerwonka avers that this connection alone was violative of his due process rights.
In Withrow v. Larkin, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975), the United States Supreme Court provided the constitutional framework for analyzing issues involving the combination of investigative and adjudicative functions in state and federal administrative proceedings. Withrow involved review of a physician's disciplinary hearing before the Wisconsin Medical Examining Board. Withrow, 421 U.S. at 38, 95 S.Ct. at 1460. The Supreme Court recognized that a fair trial in a fair tribunal is a basic requirement of due process and that this requirement applies to administrative agencies which adjudicate, as well as to courts. The Supreme Court went on to state that "[n]ot only is a biased decisionmaker constitutionally unacceptable but 'our system of law has always endeavored to prevent even the probability of unfairness.' " Withrow, 421 U.S. at 46-47, 95 S.Ct. at 1464, quoting In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955).
In Withrow, the physician claimed that the Wisconsin Medical Examiners Board's participation in prior investigative proceedings prevented it from qualifying as an independent decisionmaker. The Supreme Court implicitly rejected that structural argument and held that the "combination of investigative and adjudicative functions does not, without more, constitute a due process violation." Withrow, 421 U.S. at 58, 95 S.Ct. at 1470. However, the Supreme Court continued by pointing out that, depending on the facts and circumstances of the case, the risk of error could become intolerably high to prompt due process concerns. Id. Following the Supreme Court's decision in Withrow, the prevailing view is that a party basing a procedural due process claim on an impermissible combination of functions argument must demonstrate that the risk of actual bias is intolerably high, not merely that a combination of functions exists. See Withrow, 421 U.S. at 58, 95 S.Ct. at 1470. Thus, any form of function combination, occurring alone and without other exacerbating biasing influences, is very unlikely to run afoul of procedural due process. John R. Allison, Combination of Decision-Making Functions, Ex Parte Communications, and Related Biasing Influences: A Process-Value Analysis, 1993 Utah L.Rev. 1135, 1145.
Louisiana courts have addressed this complicated due process issue in a number of cases reviewing administrative agencies' rulings, with varying results depending on the particular facts and circumstances of each case.
*34 Value Import, Inc. v. Louisiana Used Motor Vehicle Com'n, 12-1592 (La.App. 1 Cir. 8/9/13), 2013 WL 4039947 at *8 unpublished opinion).
In Allen v. Louisiana State Board of Dentistry, 543 So.2d 908, 909-10 (La. 1989), the State Board of Dentistry requested an attorney, who acted as both investigator and prosecutor, to prepare written findings of fact and conclusions of law. Although the Board instructed the attorney as to the Board's ultimate decision on each charge against Dr. Allen, it did not provide detailed reasons for its decision. Dr. Allen was given no notice of the ex parte participation of the prosecutor in drafting the Board's formal findings of fact and conclusions, and no opportunity to object prior to the Board's adoption of same. Allen, 543 So.2d at 913. The court found that the attorney's dual role as prosecutor and factfinder violated Dr. Allen's right to a neutral adjudicator, reasoning as follows:
[The attorney's] involvement in drafting the opinion of the committee renders the decision infirm on both statutory and due process grounds. The ex parte nature of [the attorney's] participation is specifically proscribed by La.R.S. 49:960(A).[3 ] His contact with the decision maker was not limited or inconsequential. Indeed, by drafting the committee's findings and conclusions, [the attorney] put himself in the position of the adjudicator. He performed duties delegated to the committee as trier of fact under the Administration Procedure Act. [Footnotes omitted.]
Allen, 543 So.2d at 914. See also Georgia Gulf Corp. v. Board of Ethics for Public Employees, 96-1907 (La. 5/9/97), 694 So.2d 173 (wherein the Commission on Ethics for Public Employees violated an employee's due process rights by using an individual appointed to act as the Commission's prosecutor and counsel to prepare the Commission's opinion).
In Quinn v. Louisiana Dept. of Health and Hosp., 96-1046 (La.App. 1 Cir. 3/27/97), 691 So.2d 299, counsel for the Louisiana Professional Counselors Board of Medical Examiners functioned in multiple capacities during a hearing in which neither Dr. Quinn nor her attorney were present. The Board's attorney entered documents into the record and acted as hearing officer, advising the Board about jurisdictional questions, ruling on the admissibility of the evidence he was submitting, and offering opinions concerning the relevance of certain testimony. With no one there to present Dr. Quinn's position, there was no meaningful cross-examination of witnesses and no opportunity to object to irrelevant evidence. A second hearing was held, in which Dr. Quinn and her attorney participated, and the Board considered evidence from both hearings in reaching its conclusions. Quinn, 691 So.2d at 301. Counsel for the Board also drafted the findings of fact and conclusions of law. Quinn, 691 So.2d at 302. After the district court affirmed the Board's disciplinary action, this court reversed, reasoning as follows:
Administrative agencies such as this Board have broad powers affecting significant rights of the persons whose professional *35 licenses and practices they control. Although the law allows some blurring of the distinctions between investigatory, prosecutorial, and adjudicatory functions, those distinctions cannot be totally abandoned, even with the best of intentions. When this occurs and basic procedural safeguards are ignored, the tribunal loses the appearance of fairness and impartiality required by due process.
Quinn, 691 So.2d at 305.
By contrast, in Ogg v. Louisiana Board of Chiropractic Examiners, 602 So.2d 749, 752 (La.App. 1 Cir. 1992), a chiropractor argued the Louisiana Board of Chiropractic Examiners was constitutionally and statutorily precluded from adjudicating a hearing in which it performed an investigation and had a substantial connection with the prosecution. Ogg, 602 So.2d at 751. Dr. Ogg contended that the fact that the Board's prosecuting attorney was also the Board's general counsel created a presumption of bias on the part of the Board, or alternatively, that the association created an appearance of unfairness. Dr. Ogg based his contention solely on the status of the prosecuting attorney and did not allege any specific conduct on the part of the Board which would impugn the fairness of the proceedings. In rejecting this structural argument, this court reasoned:
Initially we note that the formal hearings conducted by the Board are conducted by a hearing officer who has no connection with the prosecutor. Secondly, Dr. Ogg does not allege any conduct on the part of the prosecutor or the Board other than the fact that the prosecutor is the Board's general counsel. We do not believe that this allegation standing alone is sufficient to overcome the presumption of honesty and integrity of the Board in these proceedings, nor does it deprive the proceeding of the crucial appearance of fairness. Cf. Allen v. Louisiana State Board of Dentistry, 543 So.2d at 915. The Board is statutorily authorized to employ legal counsel to prosecute its cases. LSA-R.S. 37:2804 F., LSA-R.S. 42:261 F. Without a showing of some type of impropriety on the part of the attorney or the Board, we have no reason or authority to find this relationship constitutes a denial of due process. [Footnote omitted.]
Ogg, 602 So.2d at 753.
Similarly, the Fourth Circuit questioned the Louisiana State Board of Medical Examiners' "choice in using attorneys of the same firm in the roles of prosecutor and as counsel in finalizing the Board's written decision, because of the appearance of impropriety," but concluded that it did not deprive a doctor of his statutory and due process rights. Walker v. Louisiana State Board of Medical Examiners, 94-0440 (La.App. 4 Cir. 5/26/94), 638 So.2d 350, 353, writ denied, 94-2165 (La. 11/11/94), 644 So.2d 397. The Walker court noted that the attorney that helped draft the Board's opinion appeared to have had no role in the decision-making process and was acting "in the role of scribe or judicial clerk, working from ... extensive notes and draft findings of fact and conclusions of law, prepared following deliberations of the panel members." Walker, 638 So.2d at 353.
We recognize that the cited jurisprudence, although edifying, is distinguishable from the underlying case before this court. Here, Dr. Cerwonka asserts the fact that the Board counsel (Amy Groves Lowe) and the presiding officer (Lloyd Lunceford) are from the same law firm is a structural error that violates his due process rights, and therefore the district court, in light of that relationship, correctly remanded this matter for a new proceeding. We disagree.
*36 Significantly, Ms. Lowe did not prosecute nor defend the allegations against Dr. Cerwonka. Rather, the administrative record reveals that Mr. Raines prosecuted the entirety of the case. Mr. Raines filed pleadings, questioned and cross-examined witnesses, lodged objections, and defended objections raised by Dr. Cerwonka's counsel. The presiding officer, Mr. Lunceford, did not decide the merits of the allegations, but did rule on the admissibility of the evidence and testimony after considering argument between Mr. Raines and defense counsel. Ms. Lowe took no position on any of the objections lodged by either Mr. Raines or defense counsel. Additionally, Ms. Lowe did not cross-examine any witnesses, did not lodge any objections, and did not advocate for any party. Ms. Lowe merely read several questions submitted by the Board to two experts that had been called to testify at the hearing. No party objected to any questions asked by Ms. Lowe.
Further, we note that the presiding officer, Mr. Lunceford, was not the fact finder and did not decide the merits of the underlying case. He merely ruled on the admissibility of testimony and evidence, while the Board was the ultimate decision maker. See LSA-R.S. 37:2359(B) ("The board shall have the power and duty to ... revoke any license to practice psychology ... by affirmative vote of at least four of its five members[.]"). Under these circumstances, the fact that the Mr. Lunceford and Ms. Lowe were from the same firm is not a structural error that denied Dr. Cerwonka his due process rights absent a showing of bias or prejudice. No showing of bias or prejudice has been made nor has any specific conduct been alleged that would impugn the fairness of the administrative hearing. Additionally, Dr. Cerwonka lodged no objection during the course of the administrative proceedings despite his counsel's knowledge that Mr. Lunceford and Ms. Lowe were from the same firm.[4] Considering the foregoing, we find merit in the Board's second assignment of error.[5]
In its third assignment of error, the Board contends that the district court was clearly wrong in finding that James Raines serving as prosecuting attorney constituted a due process violation. The Board notes that the issue was first raised during the course of the administrative proceeding, wherein Dr. Cerwonka argued that Mr. Raines should be recused because he was not impartial as required by LSA-C.Cr.P. art. 680. The article provides that a district attorney must be recused when he has a personal interest in the case, is related to the party accused or the party injured, or has been employed or consulted in the case as an attorney for the defendant before his election as district attorney.[6] However, we note that *37 LSA-C.Cr.P. art. 680 applies to district attorneys in criminal cases. By contrast, the Administrative Procedure Act applies to the underlying administrative proceeding. It requires only that the adjudicator be impartial and neutral. See LSA-R.S. 49:960(B).[7] However, Mr. Raines was not the adjudicator and was not required to be, and could not be, a neutral party in this matter since he is compelled to serve as an advocate. See Allen, 543 So.2d at 914 (The prosecutor "cannot be considered a neutral party; his role was that of advocate, one who has developed the 'will to win.'").
Further, Dr. Cerwonka contended that Mr. Raines should have been recused because he represented Dr. Cerwonka in a prior custody case in 2006 in which a subsequent fee dispute arose between Raines' firm and Dr. Cerwonka. Mr. Raines admitted that as a second year associate, he worked under the partner of his law firm and was one of two attorneys who represented Dr. Cerwonka over ten years prior to the initiation of the underlying administrative proceeding. That representation pertained to a custody judgment rendered against Dr. Cerwonka, which was wholly unrelated to the licensing dispute before the Board.
Rule 1.9 of the Louisiana Rules of Professional Conduct prohibits an attorney from representing a person or entity that is adverse to a former client in the same or substantially related matter.[8] Here, there *38 is no possibility that the issues involved in a child custody matter or a collections matter could be considered substantially related to the licensing issue before the Board. However, Dr. Cerwonka asserts that Mr. Raines used information he possessed from his prior representation against Dr. Cerwonka in the underlying proceeding and that documents from the domestic litigation were used at the examiner's hearing. Dr. Cerwonka has cited nothing in the record to support these assertions.[9] Moreover, we have found no reference to the prior litigation being utilized during the course of the two-day administrative hearing. Accordingly, we find merit in assignment of error number three and conclude that Dr. Cerwonka's right to due process was not violated by employing Mr. Raines as prosecuting attorney.
CONCLUSION
For the foregoing reasons, the district court's July 26, 2017 judgment is reversed. This matter is remanded to the district court to consider the remaining issues raised in Dr. Cerwonka's petition for judicial review. Costs of this appeal are assessed to the appellee, Dr. Eric Cerwonka.
JUDGMENT REVERSED; MATTER REMANDED.

In Louisiana State Board of Medical Examiners v. Bertucci, 593 So.2d 798, 801 (La.App. 4 Cir. 1/16/92), the court held that in a proceeding which may lead to suspension, revocation, annulment, or withdrawal of an existing license, the Louisiana Administrative Procedure Act requires the licensing agency to give the licensee an opportunity, prior to the institution of formal proceedings, to show that the actions complained of did not violate the law or agency rules. See LSA-R.S. 49:961(C).

The parties refer to Mr. Lunceford as an administrative law judge and a hearing officer. For clarity and consistency, we will refer to him as the presiding officer.

Louisiana Revised Statutes 49:960(A) provides:
Unless required for the disposition of ex parte matters authorized by law, members or employees of an agency assigned to render a decision or to make findings of fact and conclusions of law in a case of adjudication noticed and docketed for hearing shall not communicate, directly or indirectly, in connection with any issue of fact or law, with any party or his representative, or with any officer, employee, or agent engaged in the performance of investigative, prosecuting, or advocating functions, except upon notice and opportunity for all parties to participate.

Rather, Dr. Cerwonka first raised the conflict issue in the district court proceeding, even though in a pleading filed by his prior counsel before the administrative hearing, he served both Mr. Lunceford and Ms. Lowe at the same physical address and suite number and included their e-mail addresses reflecting that they were associated with the same firm. Under these circumstances, it is clear that Dr. Cerwonka had notice of their association prior to the administrative hearing.

The Board's first assignment of error is resolved by discussion pertaining to the second and third assignments of error.

Louisiana Code of Criminal Procedure article 680 provides:
A district attorney shall be recused when he:
(1) Has a personal interest in the cause or grand jury proceeding which is in conflict with fair and impartial administration of justice;
(2) Is related to the party accused or to the party injured, or to the spouse of the accused or party injured, or to a party who is a focus of a grand jury investigation, to such an extent that it may appreciably influence him in the performance of the duties of his office; or
(3) Has been employed or consulted in the case as attorney for the defendant before his election or appointment as district attorney.

Louisiana Revised Statutes 49:960(B) provides:
A subordinate deciding officer or agency member shall withdraw from any adjudicative proceeding in which he cannot accord a fair and impartial hearing or consideration. Any party may request the disqualification of a subordinate deciding officer or agency member, on the ground of his inability to give a fair and impartial hearing, by filing an affidavit, promptly upon discovery of the alleged disqualification, stating with particularity the grounds upon which it is claimed that a fair and impartial hearing cannot be accorded. The issue shall be determined promptly by the agency, or, if it affects a member or members of the agency, by the remaining members thereof, if a quorum. Upon the entry of an order of disqualification affecting a subordinate deciding officer, the agency shall assign another in his stead or shall conduct the hearing itself. Upon the disqualification of a member of an agency, the governor immediately shall appoint a member pro tern to sit in place of the disqualified member in that proceeding. In further action, after the disqualification of a member of an agency, the provisions of R.S. 49:957 shall apply.

Rule 1.9 of the Louisiana Rules of Professional Conduct, entitled "Duties to Former Clients" provides:
(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
(b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client
(1) whose interests are materially adverse to that person; and
(2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter; unless the former client gives informed consent, confirmed in writing.
(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
(1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
(2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

Additionally, we note that the Office of Disciplinary Counsel dismissed Dr. Cerwonka's complaint against Mr. Raines for purported ethical violations, concluding "that there is not clear and convincing evidence to support the complainant's allegations of unethical conduct against you."