602 So.2d 749 (1992)
Robert B. OGG, D.C.
v.
LOUISIANA BOARD OF CHIROPRACTIC EXAMINERS.
No. 91 CA 0548.
Court of Appeal of Louisiana, First Circuit.
May 22, 1992.
Rehearing Denied August 12, 1992.
*750 Steven Mannear, Baton Rouge, for plaintiff-appellant.
James M. Ross, Baton Rouge, for defendant-appellee.
Before WATKINS, CARTER and FOIL, JJ.
WATKINS, Judge.
The plaintiff, Dr. Robert Ogg, filed a suit for declaratory judgment seeking to have the court declare the Louisiana Administrative Procedure Act, LSA-R.S. 49:950 et seq., and the formal hearing procedures of the Louisiana Chiropractic Act, namely LSA-R.S. 37:2804 and LSA-R.S. 37:2816, unconstitutional, and in violation of the due process clause of the United States and Louisiana Constitutions. The trial court dismissed the plaintiff's action. We affirm.

FACTS
In 1987, the Louisiana Board of Chiropractic Examiners (Board), received a complaint concerning alleged misconduct of Dr. Ogg. After receiving the complaint, the Board sent notice to Dr. Ogg that an informal hearing to investigate the complaint would be held on January 14, 1988. The Board conducted an informal hearing in which Dr. Ogg appeared before the Board to discuss the complaint. The Board voted to hold a formal hearing and accordingly sent notice to Dr. Ogg of the formal hearing charging him with violations of LSA-R.S. 37:2816(A)(7) and (13).[1]
On February 10, 1989, Dr. Ogg filed the instant suit seeking declaratory and injunctive *751 relief.[2] The matter was submitted upon stipulations of fact and memoranda of law. The trial court, relying on the United States Supreme Court case of Withrow v. Larkin, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975), found that the procedures used by the Board do not violate plaintiff's due process rights. The court also found no violation of the Administrative Procedure Act. The plaintiff appealed the trial court's ruling, alleging that the co-mingling of the investigatory, prosecutorial, and adjudicative functions by the Board will deny him due process of law.[3]

LAW
There is no question that Dr. Ogg has a protected property right in his license to practice chiropractic and that he is entitled to due process of law under both the federal and state constitutions. Banjavich v. Louisiana Licensing Board For Marine Divers, 237 La. 467, 111 So.2d 505, 511 (1959). The sole issue before us is whether the process afforded Dr. Ogg by the Board will deny him due process.
The Louisiana Board of Chiropractic Examiners is a statutory agency created and governed by LSA-R.S. 37:2801-37:2830. Section 2804 empowers the Board with the sole authority to revoke or suspend licenses of chiropractors practicing in this state. The relevant provisions provide as follows:
LSA-R.S. 37:2804(B) in pertinent part provides:
B. The board shall have authority to examine for, grant, deny, approve, revoke, suspend, and renew the license of a chiropractor and shall review applications for licenses at least once a year. It may conduct hearings on any charges for the revocation or suspension of a license....
LSA-R.S. 37:2804(E) provides:
E. The board shall initiate an action for the prosecution of any person who violates any provision of this Chapter and may apply to any court having jurisdiction for an injunction to restrain and enjoin any violation thereof. It shall keep a record of all proceedings relating thereto.
LSA-R.S. 37:2804(F) provides:
F. The board may employ an executive director, legal counsel, and a hearing officer as needed to carry out the provisions of this Chapter, if the fees of the counsel, the hearing officer, and the costs of all proceedings, except criminal prosecutions, are paid by the board out of the moneys credited to the board.[4]
According to the stipulations entered into the record, the Board appoints a hearing officer to conduct formal hearings. The hearing officer rules on objections; after the hearing he prepares written findings of fact and conclusions of law which are either accepted, rejected or modified by the Board itself. Mr. James Ross, an assistant attorney general, is the attorney for the Board and the prosecuting attorney in this case.
Dr. Ogg argues that the Board is constitutionally and statutorily precluded from adjudicating a hearing in which it performed an investigation and has a substantial connection with the prosecution.
The combination of investigative and judicial functions within an agency was upheld against due process challenge in Withrow v. Larkin, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975). In Withrow, a state *752 licensed physician sought to enjoin the Wisconsin Medical Examining Board from conducting an adversary hearing aimed at deciding whether to suspend his license. The physician claimed that the Board's participation in prior investigative proceedings prevented it from qualifying as an independent decisionmaker. The Supreme Court reversed the lower court's granting of an injunction and held that the members of the Board were not constitutionally precluded from holding an adversary hearing on the matter of possible suspension of license on the basis of charges evolving from the Board's own investigation.[5] The Withrow court noted that a "fair trial" in a fair tribunal is a basic requirement of due process and that this requirement applies to administrative agencies which adjudicate, as well as to courts. The Court went on to state that "[n]ot only is a biased decisionmaker constitutionally unacceptable but `our system of law has always endeavored to prevent even the probability of unfairness.'" Withrow v. Larkin, 95 S.Ct. at 1464, quoting In re Murchinson, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1927).
Numerous courts have recognized the importance of an unbiased decisionmaker and various situations have been identified as presenting a high probability of actual bias on the part of a decisionmaker. These situations were set forth in Matter of Rollins Environ. Services, Inc., 481 So.2d 113, 120 (La.1985) as follows:
(1) A prejudgment or point of view about a question of law or policy, even if so tenaciously held as to suggest a closed mind, is not, without more, a disqualification. (2) Similarly, a prejudgment about legislative facts that help answer a question of law or policy is not, without more, a disqualification. (3) Advance knowledge of adjudicative facts that are in issue is not alone a disqualification for finding those facts, but a prior commitment may be. (4) A personal bias or personal prejudice, that is, an attitude toward a person, as distinguished from an attitude about an issue, is a disqualification when it is strong enough; such partiality may be either animosity or favoritism. (5) One who stands to gain or lose by a decision either way has an interest that may disqualify; even a legislator may be disqualified on account of a conflict of interest.
When one of these situations is not present and the party alleging bias is relying strictly on the fact that the combination of investigative and adjudicative functions creates an unconstitutional risk of bias a more difficult burden of persuasion is imposed. In such cases a party is required to "overcome a presumption of honesty and integrity in those serving as adjudicators and it must convince that, under a realistic appraisal of psychological tendencies and human weakness, conferring investigative and adjudicative powers on the same individuals poses such a risk of actual bias or prejudgment that the practice must be forbidden...." Withrow v. Larkin, 95 S.Ct. at 1464.
Dr. Ogg contends that the fact that the prosecuting attorney for the Board is also the Board's general counsel creates a presumption of bias on the part of the Board or alternatively that the association creates an appearance of unfairness. The plaintiff bases his contention solely on the status of the prosecuting attorney and does not allege any specific conduct on the part of the Board or the prosecuting attorney which would impugn the fairness of the proceedings.
The plaintiff has not cited any decision, nor has this court found one, which holds that due process is denied when the prosecuting counsel is also the general counsel for an adjudicating Board. The cases cited by the plaintiff are clearly distinguishable from the instant case because the prosecutor in those cases was intimately involved *753 in the adjudicative process. In Allen v. Louisiana State Board of Dentistry,[6] 543 So.2d 908 (La.1989), the State Board of Dentistry's attorney acted as the investigator and prosecutor in the case and was then asked by the Board to prepare written findings of fact and conclusions of law. Although the Board instructed the attorney as to the Board's ultimate decision on each charge against Dr. Allen, it did not give the attorney detailed reasons for its decision. Dr. Allen was given no notice of the ex parte participation of the prosecutor in the drafting of the Board's formal findings of fact and conclusions, and no opportunity to object to the findings and conclusions prior to their adoption by the Board. The Court found this conduct to be a denial of due process and a violation of LSA-R.S. 49:960(A). In Mack v. Florida State Board of Dentistry, 296 F.Supp. 1259 (S.D.Fl.1969), the prosecutor advised the Board on objections during the hearing while he was prosecuting the case.
Initially we note that the formal hearings conducted by the Board are conducted by a hearing officer who has no connection with the prosecutor. Secondly, Dr. Ogg does not allege any conduct on the part of the prosecutor or the Board other than the fact that the prosecutor is the Board's general counsel. We do not believe that this allegation standing alone is sufficient to overcome the presumption of honesty and integrity of the Board in these proceedings, nor does it deprive the proceeding of the crucial appearance of fairness. Cf. Allen v. Louisiana State Board of Dentistry, 543 So.2d at 915.[7] The Board is statutorily authorized to employ legal counsel to prosecute its cases. LSA-R.S. 37:2804 F., LSA-R.S. 42:261 F. Without a showing of some type of impropriety on the part of the attorney or the Board, we have no reason or authority to find this relationship constitutes a denial of due process.
Dr. Ogg further contends that the association between the Board and the prosecuting attorney violates LSA-R.S. 49:960A of the Administrative Procedure Act which provides:
A. Unless required for the disposition of ex parte matters authorized by law, members or employees of an agency assigned to render a decision or to make findings of fact and conclusions of law in a case of adjudication noticed and docketed for hearing shall not communicate, directly or indirectly, in connection with any issue of fact or law, with any party or his representative, or with any officer, employee, or agent engaged in the performance of investigative, prosecuting, or advocating functions, except upon notice and opportunity for all parties to participate.
We find no violation of the above provision in the instant case. Dr. Ogg was given notice and an opportunity to participate in all phases of the proceedings conducted by the Board. Dr. Ogg has not alleged any communications between the Board and the prosecutor concerning his case, where he was not given an opportunity to participate. Cf. Dorsey v. Administrator, Louisiana Department of Employment Security, 353 So.2d 363, 366 (La. App. 1st Cir.1977), writ denied, 355 So.2d 549 (La.1978), wherein the court found no violation of LSA-R.S. 49:960A when the Referee for the Louisiana Department of Employment Security had private discussions with the employer's attorney. The *754 court held that "[p]rivate talks with the Referee are certainly prohibited. R.S. 49:960A. But even if they did occur there is no allegation that a fraud had been perpetrated or even that the talk influenced the Referee." Id. 353 So.2d at 366.
For the reasons set forth, we affirm the judgment of the trial court dismissing Dr. Ogg's suit. Costs of this appeal are to be paid by Dr. Ogg.
AFFIRMED.
CARTER, J., dissents with reasons.
CARTER, Judge, specially concurring.
I agree that the result reached by the majority opinion is required by the existing jurisprudence. However, I have serious reservations about the present state of due process in administrative proceedings.
A person cannot be deprived of life, liberty, or property without due process of law. U.S. Const.Amend. XIV, § 1; LSA-Const. Art. 1, § 2. Due process requires a fair trial before a fair tribunal. A due process violation may exist even if an adjudicatory body's actual partiality is not proven. The appearance of fairness and the absence of a probability of outside influence on the adjudication is required by due process. Utica Packing Company v. Block, 781 F.2d 71, 77-78 (6th Cir.1986); Allen v. Louisiana State Board of Dentistry, 543 So.2d 908, 915 (La.1989).
From the facts and circumstances of this case, I am of the opinion that the co-mingling of the investigatory and prosecutorial functions with the adjudicatory function creates the appearance of partiality. I believe that a re-examination of the administrative procedure governing proceedings before state boards and agencies should be made to ensure the basic notions of fair play and due process.
NOTES
[1] LSA-R.S. 37:2816A.(7) and (13) provide:

A. After notice and an opportunity for hearing, the board may suspend or revoke any license or certificate issued to any chiropractor for any of the following causes:
(7) Incompetency, gross negligence, or gross misconduct in professional activities;
(13) Prescribing, dispensing or administering any medicines or drugs; ...
[2] Prior to filing for declaratory relief, Dr. Ogg sought injunctive relief. On January 13, 1988, the trial court issued an order staying the formal hearing until further order of the court and allowing Dr. Ogg thirty days to file a petition for declaratory relief.
[3] The plaintiff was originally granted a suspensive appeal. However, this court by order dated February 25, 1991, refused to stay the Board's pending proceeding, and a formal hearing was held on February 28, 1991, and concluded on May 2, 1991. The formal hearing is not a part of the record in this appeal.
[4] Although the provisions LSA-R.S. 37:2804(F) allow the board to employ legal counsel the board may also choose to permit the Attorney General's office to provide representation pursuant to the provisions of LSA-R.S. 42:261A. See also LSA-R.S. 42:261F.
[5] A similar result was reached in Hortonville Joint School District No. 1 v. Hortonville Education Association, 426 U.S. 482, 96 S.Ct. 2308, 49 L.Ed.2d 1 (1976). The Court found no due process violations where a school board, which was involved in negotiations with striking teachers, also conducted disciplinary hearings and made the ultimate decision to terminate the striking teachers.
[6] In Allen v. Louisiana State Board of Dentistry, 543 So.2d at 915, fn. 15, the court specifically declined to decide whether the mere appearance of unfairness would be sufficient to vitiate an administrative decision absent a showing of actual prejudice.
[7] Cf. Utica Packing Co. v. Block, 781 F.2d 71 (6th Cir.1986), wherein the plaintiff was charged by the USDA with bribing a federal meat inspector. After receiving an unfavorable decision from the original judicial officer, the USDA removed and replaced him with a handpicked official with no legal or adjudicative background. Thereafter the USDA assigned to the new judicial officer a legal advisor who worked under an official who was directly involved in the prosecution of the case. The USDA then applied to the new judicial officer for a reconsideration of the original judicial officer's decision. The court held that such manipulation of the judicial, or quasi-judicial system cannot be permitted and concluded that the administrative proceedings lacked the appearance of fairness and did not require proof of actual partiality.