IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 18, 2019 Session

## PENNEY MOSLEY ET AL. v. CITY OF MEMPHIS ET AL.

**Appeal from the Chancery Court for Shelby County**
**No. CH-18-0330     Jim Kyle, Chancellor**

———————————————————

**No. W2019-00199-COA-R3-CV**

———————————————————

This matter concerns judicial review of a motion to disqualify a city attorney and/or the entire Memphis City Attorney's Office from appearing in administrative cases pending before the Memphis Civil Service Commission between May 18, 2015 and September 29, 2017. Appellants argue that an assistant city attorney created a conflict of interest for herself and/or the entire office after she filed a notice of appearance claiming she represented the civil service commission in a separate case appealed to Chancery Court. Appellees argue that, even if the notice of appearance created a representation, state statutes and case law would permit the representation. The Civil Service Commission denied the Appellants' motion, and the Shelby County Chancery Court affirmed the Commission's decision. After applying the review standards outlined in the Uniform Administrative Procedures Act, we affirm the ruling of the Chancery Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which KENNY ARMSTRONG, and CARMA DENNIS MCGEE, JJ., joined.

Darrell J. O'Neal, Memphis, Tennessee, for the appellants, Penney Mosley, Joey Jackson, Mario Ackers, Beverly Prye, Taurick Boyd, Michael Savage, and John Littles.

Jef Feibelman and Lani Lester, Memphis, Tennessee, for the appellees, City of Memphis, City of Memphis Civil Service Commission, and City of Memphis, Office of the City Attorney.

## OPINION

### BACKGROUND

This matter concerns whether Attorney Barbaralette Davis ("Ms. Davis"), an assistant city attorney for the City of Memphis, and/or the entire Memphis City Attorney's Office ("City Attorney's Office") should be disqualified from appearing in any administrative matters pending before the Memphis Civil Service Commission ("the Commission") between May 18, 2015 and September 29, 2017. On May 18, 2015, Ms. Davis filed a notice of appearance on behalf of the City of Memphis in a case styled as ***Rosalyn Small v. Memphis-Shelby County Airport Authority and the City of Memphis Civil Service Commission*** ("the ***Small*** matter"). The ***Small*** matter concerned a civil service appeal and a petition for judicial review filed by a former employee of the Memphis-Shelby County Airport Authority. On May 20, 2015, Ms. Davis filed a corrected notice of appearance asserting she represented the Commission instead of the City of Memphis.

Ms. Davis remained an attorney of record in the ***Small*** matter for more than two years. Ms. Davis did not represent the City of Memphis or the Memphis-Shelby County Airport Authority before the Commission regarding the ***Small*** matter, according to her undisputed affidavit. Further, Ms. Davis stated that she did not communicate with, advise, or defend the Commission on the ***Small*** matter or coordinate with any other attorneys with this case. During the time she was attorney of record, she sent one email advising other attorneys that she would "appear to report to the [Chancery] Court" that the Commission had not proceeded with a remand of the ***Small*** matter due to procedural issues. She also received several emails about the ***Small*** matter from other attorneys, including from colleagues in the City Attorney's Office.

On August 14, 2017, Petitioners Penney Mosley,[1] Joey Jackson, Mario Ackers, Beverly Prye, Taurick Boyd, and Michael Savage (collectively, "Petitioners")[2] submitted a motion to exclude Ms. Davis and the entire Memphis City Attorney's Office from all matters before the Commission. Each petitioner had a matter pending before the Commission unrelated to the ***Small*** matter when the motion was filed. In their collective motion, Petitioners alleged that Ms. Davis's notice of appearance in the ***Small*** matter created a conflict of interest and/or an appearance of impropriety that made any representation by Ms. Davis or the City Attorney's Office before the Commission improper. In particular, Petitioners argued that the Commission is a neutral agency that should not be represented as a party in any action pending judicial review. Further, Petitioners claimed Ms. Davis's representation of the Commission violated the Tennessee Supreme Court's Rules of Professional Conduct and warranted disqualification. Petitioners also called for the entire City Attorney's Office to be disqualified because the May 20, 2015 notice of appearance created a conflict of interest or appearance of

---

[1] Ms. Mosley's name is variously spelled as both "Penny" and "Penney" throughout the record. We have chosen the spelling used most often.

[2] Petitioner John Littles was not included in this matter when the original motion was filed. However, Mr. Littles was added as a party in this matter no later than February 12, 2018, when the Commission denied the Petitioners' motion to disqualify.

impropriety that tainted the entire office. On September 18, 2017, Ms. Davis moved to withdraw as counsel of record in the ***Small*** matter. Her motion was granted by the Shelby County Chancery Court on September 29, 2017.

The City of Memphis contested Petitioners' motion to disqualify in a response dated December 14, 2017. The City of Memphis argued that Ms. Davis never truly represented the Commission and that she mistakenly filed the notice of appearance in the ***Small*** matter. Moreover, the City of Memphis also claimed the state's Uniform Administrative Procedures Act ("UAPA") allowed the type of dual representation that Petitioners asserted was impermissible. The Commission conducted a hearing on the motion on January 31, 2018. Commissioner Blake W. Bourland denied the Petitioner's motion for disqualification in an order issued on February 12, 2018.

Petitioners thereafter filed a Petition for Judicial Review in the Shelby County Chancery Court ("the trial court") on March 9, 2018. Petitioners again sought the disqualification of either Ms. Davis and/or the City Attorney's Office from all matters in which they represented parties before the Commission while Ms. Davis was listed as an attorney of record for the Commission. Petitioners also asked the trial court to grant them a judgment including court costs and attorney's fees. In an answer, the City of Memphis and the City Attorney's Office asserted that Petitioners failed to state a claim for which relief could be granted or possess rights that would be prejudiced by the Commission's denial of their motion. The City of Memphis further denied that Ms. Davis truly represented the Commission, established an attorney-client relationship with the Commission, or acted in a way that created a conflict of interest. A hearing on the Petition for Judicial Review occurred on December 14, 2018. The trial court denied the petition through an order entered December 31, 2018. In its order, the trial court found that conflict of interest issues before the Commission were governed by the UAPA and that the UAPA allows government employees to serve multiple roles in a case. Further, the trial court found that Petitioners' claims under the state's Rules of Professional Conduct were not persuasive. Therefore, the trial court failed to find error in the Commission's decision, denied Petitioners' motion, and assessed costs against Petitioners. This timely appeal followed.

### ISSUE PRESENTED

Petitioners raised a single issue on appeal. We restate that issue as follows:

1.  Whether the trial court erred when it affirmed the Civil Service Commission's denial of Petitioners' Motion to Disqualify Barbaralette Davis and/or the City Attorney's Office despite Ms. Davis's notice of appearance on behalf of the Commission.

### STANDARD OF REVIEW

Judicial review of a civil service board's decision that affects an individual's employment status is governed by the UAPA. ***Davis v. Shelby Co. Sheriff's Dept.***, 278 S.W.3d 256, 264 (Tenn. 2009) (citing Tenn. Code Ann. § 27-9-114(b)(1) ("Judicial review of decisions by civil service boards of a county or municipality which affects the employment status of a county or city civil service employee shall be in conformity with the judicial review standards under the Uniform Administrative Procedures Act, § 4-5-322.")). The UAPA provides the following scope of review:

> The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>
> > (1) In violation of constitutional or statutory provisions;
> > (2) In excess of the statutory authority of the agency;
> > (3) Made upon unlawful procedure;
> > (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> > (5)　　(A) Unsupported by evidence that is both substantial and material in the light of the entire record.
> > 　　　(B) In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

Tenn. Code Ann. § 4-5-322(h).

In an appeal from an agency decision, our review "is narrow and deferential." ***StarLink Logistics, Inc. v. ACC, LLC***, 494 S.W.3d 659, 669 (Tenn. 2016) (citing ***Wayne Cnty. v. Tenn. Solid Waste Disposal Control Bd.***, 756 S.W.2d 274, 279 (Tenn. Ct. App. 1988)). This approach "reflects the general principle that courts should defer to decisions of administrative agencies when they are acting within their area of specialized knowledge, experience, and expertise." ***Id.*** at 669 (citations omitted). We therefore do not review questions of fact *de novo*, nor do we "second-guess the agency as to the weight of the evidence." ***Id***. (citing ***Humana of Tenn. v. Tenn. Health Facilities Comm'n***, 551 S.W.2d 664, 667 (Tenn. 1977)). Rather, agency decisions may be considered arbitrary and capricious if "those decisions [are] not supported by substantial and material evidence" or occurred through a clear error of judgment. ***City of Memphis v. Civil Serv. Comm'n.***, 216 S.W.3d 311, 317 (Tenn. 2007) (citing ***Jackson Mobilphone Co. v. Tenn. Pub. Serv. Comm'n***, 876 S.W.3d 106, 111 (Tenn. Ct. App. 1993)). When applying the substantial and material evidence standard, "the court should review the record carefully to determine whether the administrative agency's decision is supported by 'such relevant evidence as a rational mind might accept to support a rational conclusion.'" ***Jackson***

*Mobilphone Co.*, 876 S.W.3d at 110 (quoting *S. Ry. Co. v. State Bd. of Equalization*, 682 S.W.2d 196, 199 (Tenn. 1984)); *see also* Tenn. Code Ann. § 4-5-322(h)(5)(B) ("In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact."). Questions of law, however, are reviewed *de novo* with no presumption of correctness. *Penny v. City of Memphis*, 276 S.W.3d 410, 417–18 (Tenn. Ct. App. 2008).

### DISCUSSION

### I.    Subject Matter Jurisdiction

Before reaching the merits of this appeal, this Court must first examine the issue of subject matter jurisdiction as to both the trial court and this Court. *See* Tenn. R. App. P. 13(b) (directing the appellate court to consider "whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review"). Under the UAPA, parties aggrieved by the final decision in a contested administrative matter are entitled to judicial review. Tenn. Code Ann. § 4-5-322(a)(1). Additionally, "[a] preliminary, procedural or intermediate decision is immediately reviewable if review of the final agency decision would not provide an adequate remedy." *Id.* When dealing with petitions for judicial review of employment decisions by city or county civil service boards, judicial review of an administrative decision is instituted by filing a petition for review in chancery court. Tenn. Code Ann. § 4-5-322(b)(1)(A) (2017); Tenn. Code Ann. § 27-9-114(b)(2) (providing that "decisions by a city or county civil service board affecting the employment status of a civil service employee" are to be filed in the chancery court of the county where the civil service board was located).

Review of a "final judgment of the chancery court" may then be appealed to the Tennessee Court of Appeals. Tenn. Code Ann. § 4-5-323(a); *see also* Tenn. R. App. Pro. 3(a) ("In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right."). A final judgment of an administrative matter by a chancery court occurs when all issues before the chancery court are conclusively determined by the court and leave no other issues for the chancery court to decide. *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 460 (Tenn. 1995). "The judicial review of the agency decision [is] not a continuation of the agency proceeding, but [is] an original judicial review proceeding under Section 4-5-323 subject to review by the appellate courts." *Id.* (footnote omitted). A full evidentiary hearing by the Chancery Court is not necessary for the court to enter a final order addressing the only issues before it. *City of Memphis v. Lesley*, No. W2012-0962-COA-R3-CV, 2013 WL 5532732 at *9 (Tenn. Ct. App. Oct. 27, 2013). When an order makes clear that the trial court left issues unadjudicated, appeal to the appellate court is premature, even where issues are not expressly reserved by the trial court. *See Wilson v.*

- 5 -

***City of Memphis***, No. W2014-01822-COA-R3-CV, 2015 WL 4198769 at *6 (Tenn. Ct. App. July 13, 2015).

Thus, our initial examination involves two questions: (1) whether the UAPA provides an avenue of appeal of the Commissions' disqualification decision; and (2) whether an appeal is proper to this Court. We answer both questions in the affirmative.

Here, there is no dispute that the order appealed from the Commission was not a final order. Rather, it was merely an order denying Petitioners' motion to disqualify Ms. Davis and/or the City Attorney's Office in six separate cases. As previously discussed, however, the UAPA provides that certain "preliminary, procedural or intermediate agency action[s] or ruling[s]" may be "immediately reviewable if review of the final agency decision would not provide an adequate remedy." Tenn. Code Ann. § 4-5-322(a)(1). Other courts have concluded that this provision was properly invoked when the order at issue involved disclosure of a confidential informant, see ***Towns v. Lawson***, No. 01-A-01-9408-CH00378, 1995 WL 241329 at *1 (Tenn. Ct. App. Apr. 26, 1995), or when the Administrative Law Judge denied requested discovery in the agency proceeding. *See* ***Xcaliber International Ltd. v. Tenn. Dept. of Rev.***, No. M2017-09180COA-R3-CV, 2018 WL 4293364, at *17 (Tenn. Ct. App. Sept. 10, 2018). In contrast, we have determined that the immediate appeal allowed by section 4-5-322(a) was not properly invoked where the issue was a substantive question of fact, the determination of which was vested in the agency. *See* ***Hyundai Motor Am. v. Tenn. Motor Vehicle Comm'n***, No. M2015-01411-COA-R3-CV, 2016 WL 7486362, at *6 (Tenn. Ct. App. Dec. 30, 2016). We have also determined that the trial court lacked subject matter jurisdiction when the petitioner failed to show that he would experience irreparable harm if not allowed an immediate appeal. *See* ***Nicholopoulos v. Tenn. Bd. Med. Exam'rs.***, No.01A01-0411-CH-00534, 1995 WL 145978, at *2 (Tenn. Ct. App. Apr. 5, 1995) (involving the make-up of the panel hearing the petitioner's case in the agency).

The determination of this issue is not entirely clear cut. For one, this Court does not have the benefit of briefing on this issue, as neither party raised any argument as to this issue in either the trial or appellate court. Rather, it appears that this issue was raised for the first time during oral argument. Thus, at no point in the trial court did the Commission object to the trial court's exercise of subject matter jurisdiction over Petitioners' claims. Still, the Appellees' failure to object is not dispositive, as subject matter jurisdiction cannot be conferred by consent or waiver. ***Dishmon v. Shelby State Cmty. Coll.***, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999) (holding that subject matter jurisdiction "does not depend on the conduct or agreement of the parties, and thus the parties cannot confer subject matter jurisdiction on a trial or an appellate court by appearance, plea, consent, silence, or waiver").

Based on the petition and the undisputed facts before this Court, we conclude that immediate review was appropriate. Importantly, section 4-5-322(a)(1) evinces a policy that certain interlocutory matters may be appealed as of right from an agency decision. Tennessee law also evinces a policy that certain judicial recusal matters are also subject to immediate appeal. *See generally* Tenn. Sup. Ct. R. 10B (allowing immediate appeal of orders denying judicial recusal). Of course, Tennessee law also provides that disqualifications of attorneys are generally not immediately appealable as of right in non-agency cases. *See **In re Estate of Meadows***, No. M2017-01062-COA-R3-CV, 2018 WL 1920378, at *5 (Tenn. Ct. App. Apr. 24, 2018) ("Orders of disqualification, however, are generally not considered final orders subject to immediate appeal.").

Prior caselaw, however, lends support to the exercise of jurisdiction in this case. In ***Xcaliber International Limited, LLC v. Tennessee Department of Revenue***, this Court allowed an immediate appeal of an agency decision, in part, based on the fact that the "remedy" available following a final hearing "would entail a substantial risk of retrying the entire case before the [agency]." 2018 WL 4293364, at *12. The court therefore agreed that "'both parties would be required to expend additional money and resources needlessly relitigating the case.'" *Id.* (quoting the petitioner's brief). Considering judicial economy, we ultimately concluded that "the risk of retrying the case means that consideration of judicial economy weighs against a finding that judicial review of the final administrative order would be an adequate remedy." *Id.*

The same risk is present in this case. Here, the six Petitioners represent six separate cases in which disqualification has been sought. If no immediate appeal is allowed and final judgment is rendered, each and every unsuccessful petitioner will be required to separately appeal the final judgment in his or her respective case to obtain review of the denial of disqualification. If Petitioners later succeed in removing the City Attorney's Office in an appeal of the final agency decisions, multiple cases will be required to be retried before the agency, at the expense of judicial efficiency. This risk of retrial is even more of a threat to judicial economy than was present in ***Xcaliber International Limited*** due to the multiple cases involved. As such, we must likewise conclude that an appeal of the final agency decisions would not provide an appropriate remedy and immediate appeal was authorized by section 4-5-322(a).

The second question then becomes whether the trial court's order was properly appealed to this Court. In the trial court, the only substantive issue raised by the parties was whether the Commission properly denied Petitioners' motion to disqualify Ms. Davis and/or the City Attorney's office. The trial court denied the Appellants' request. As such, the only substantive issue before the trial court was "conclusively determined." *See **Richardson***, 913 S.W.2d at 460.

This determination, unfortunately, does not end our inquiry. Instead, a careful review of the petition for judicial review reveals that in addition to the request for

disqualification, Petitioners also requested costs and attorney's fees. The trial court properly disposed of Petitioner's request for costs, but did not rule on their request for attorney's fees. "This Court has concluded on several occasions that an order that fails to address an outstanding request for attorney's fees is not final." ***Davis v. City of Memphis***, No. W2016-00967-COA-R3-CV, 2017 WL 634780, at *4 (Tenn. Ct. App. Feb. 2, 2017). Still, this Court has recently indicated that a judgment may be rendered final by the waiver or abandonment of unadjudicated claims. *See **Save Our Fairgrounds v. Metro. Gov't of Nashville and Davidson Cty.***, No. M2019-00724-COA-R3-CV, 2019 WL 3231381, at *5–*7 (Tenn. Ct. App. July 18, 2019) (holding that the plaintiff did not waive or abandon unadjudicated claims). Here, Petitioners' did not mention their request for attorney's fees in other pleadings filed in the trial court or cite to any legal authority for the award of attorney's fees for their review of the denial of their motion for disqualification. *See **Whitelaw v. Brooks***, 138 S.W.3d 890, 893 (Tenn. Ct. App. 2003) (quoting S***tate ex rel. Orr v. Thomas***, 585 S.W.2d 606, 607 (Tenn.1979)) ("Tennessee follows the 'American Rule' that 'in the absence of a contract, statute or recognized ground of equity so providing there is no right to have attorneys' fees paid by an opposing party in civil litigation.'"). Moreover, Petitioners have not assigned error to the trial court's failure to rule on their request for attorney's fees on appeal. Indeed, Petitioner's brief contains no mention of the attorney's fee request. As such, it appears that Petitioners have abandoned their request.

In any event, Rule 2 of the Tennessee Rules of Appellate Procedure provides that this Court may exercise its discretion to suspend certain of its rules. *See* Tenn. R. App. P. 2 ("For good cause, including the interest of expediting decision upon any matter, the Supreme Court, Court of Appeals, or Court of Criminal Appeals may suspend the requirements or provisions of any of these rules in a particular case on motion of a party or on its motion and may order proceedings in accordance with its discretion, except [certain rules not relevant to this appeal]."). The Tennessee Supreme Court has held that Rule 2 can be used to suspend Rule 3's finality requirements. *See **Bayberry Assocs. v. Jones***, 783 S.W.2d 553, 559 (Tenn. 1990) ("Therefore, we find no bar to the suspension of Rule 3(a)."). In this case, we discern sufficient good cause to allow this appeal to proceed, as it appears that Petitioners did not properly support their request for attorney's fees and have abandoned it on appeal. As such, we will proceed to consider the merits of this appeal notwithstanding the trial court's failure to explicitly adjudicate this request.

## II.    Uniform Administrative Procedures Act

Conflicts of interest in administrative matters are governed by the contested case provisions of the state's UAPA. Tenn. Code Ann. § 4-5-303. The City of Memphis and the Commission argued that the statute provides an exclusive list of impermissible or disqualifying conflicts in administrative matters. Petitioners, however, do not cite the UAPA in their conflicts of interest argument. Instead, Petitioners appear to argue that the Commission is governed by the Memphis City Charter and do not address whether this

section of the UAPA applies to the present matter. Petitioners further contend that traditional conflict of interest rules apply as stated by Rules 1.7 and 1.11 of the Tennessee Supreme Court's Rules of Professional Conduct and outlined in *State v. Culbreath*, 30 S.W.3d 309 (Tenn. 2000).[3]

Despite Petitioners' arguments, the UAPA's conflict of interest rules apply in this case. As we previously stated, judicial review of civil service board decisions conform to the standard set out under the UAPA. Tenn. Code Ann. § 27-9-114(b)(1). Further, contested case hearings by municipal civil service boards are conducted under the UAPA's contested case procedures. Tenn. Code Ann. § 27-9-114(a)(1). This Court previously held that the Memphis Civil Service Commission is governed by the state's UAPA and the contested case procedures contained therein. *Marino v. Bd. of Admin. City of Memphis Ret. Sys.*, No. W2015-00283-COA-R9-CV, 2015 WL 7169796, at *4 (Tenn. Ct. App. Nov. 16, 2015) (citation omitted). Specifically, in *Marino*, we rejected the City's argument that its civil service merit board was exempt from the contested case procedures outlined by the UAPA by virtue of Tennessee Code Annotated section 27-9-114(b) ("The provisions of subdivision (a)(1) pertaining to hearings by civil service boards shall not apply to municipal utilities boards or civil service boards of counties organized under a home rule charter form of government."). Instead, we held that only the civil service merit boards of *counties* are exempted from the contested case procedures; the procedure of municipal civil service merit boards in this context continue to adhere to the contested case provisions of the UAPA. *Id.* Petitioners have provided no justification for departing from the clear language of section 27-9-114 or the unequivocal holding of *Marino*. We therefore turn to the statutes governing contested case procedures under the UAPA, which include specific guidance as to conflicts of interest.

Under the UAPA, the following circumstances are listed as impermissible conflicts:

> (a) A person who has served as an investigator, prosecutor or advocate in a contested case may not serve as an administrative judge or hearing officer or assist or advise an administrative judge or hearing officer in the same proceeding.
> (b) A person who is subject to the authority, direction or discretion of one who has served as investigator, prosecutor or advocate in a contested case may not serve as an administrative judge or hearing officer or assist or advise an administrative judge or hearing officer in the same proceeding.
> (c) A person who has participated in a determination of probable cause or other equivalent preliminary determination in a contested case may

---

[3] In *Culbreath*, the Tennessee Supreme Court instructed trial courts to determine whether an actual conflict of interest or an appearance of impropriety exists when considering whether to disqualify a prosecutor from a criminal case. *Culbreath*, 30 S.W.3d at 312-13.

not serve as an administrative judge or hearing officer or assist or advise an administrative judge or hearing officer in the same proceeding.

(d) A person may serve as an administrative judge or hearing officer at successive stages of the same contested case, unless a party demonstrates grounds for disqualification in accordance with § 4-5-302.

(e) A person who has participated in a determination of probable cause or other equivalent preliminary determination or participated in or made a decision that is on administrative appeal in a contested case may serve as an agency member in the contested case where authorized by law and not subject to disqualification or other cause provided in this chapter.

Tenn. Code Ann. § 4-5-303. Thus, the above rules generally prohibit individuals from serving in two or more roles "in the same proceeding." *Id.* Here, the statutory requirements to establish a conflict of interest are not met, even if we assume *arguendo* Ms. Davis formally represented the Commission in the **Small** matter.[4] Ms. Davis did not represent the Commission in any of the same matters brought by Petitioners. Even if Ms. Davis served as an advocate involved in Petitioners' matters, nothing indicates that she advised the Commission on their individual matters, which could trigger a conflict of interest. *See* Tenn. Code Ann. § 4-5-303(a)–(c). Further, Ms. Davis never served as an administrative judge, hearing officer or agency member in these matters, which would also be necessary to trigger alternative conflicts under the statute. *See* Tenn. Code Ann. § 4-5-303(d)–(e). In the present case, no circumstances arose that would constitute a conflict under the statute governing impermissible conflicts in administrative matters.

Instead, it appears the purported conflict in this case concerns the dual roles of Ms. Davis in two different proceedings—as advocate *for* the Commission in one case and advocate *before* the Commission in another. To analyze whether this purported conflict requires disqualification, we turn to the seminal case on this issue, **Martin v. Sizemore**, 78 S.W.3d 249 (Tenn. Ct. App. 2001). In **Martin**, an architect facing disciplinary action claimed that his procedural due process rights were violated because the attorney who

---

[4] The Petitioners argue at length that Ms. Davis's representation of the Commission constituted an improper relationship. In particular, the Petitioners posit that the Commission should never be considered a party when its administrative decisions are appealed to Chancery Court. *See* **City of Memphis v. Civil Service Comm'n of City of Memphis**, 1985 WL 3717, at *3 (Tenn. Ct. App. Nov. 19, 1985) ("The Civil Service Commission is no more a party to this suit than the Circuit Court of Shelby County is a party to this suit. The Commission is an adjudicatory body just as is the Circuit Court."). As the Commission is a neutral decision-maker, the Petitioners argue that Ms. Davis's filing of a notice of appearance on the Commission's behalf was highly improper and constituted a confidential relationship between Ms. Davis and the Commission. We agree that the Commission was not entitled to be considered a party in the **Small** matter. *See id.* This fact, however, does not, *ipso facto*, require disqualification of Ms. Davis before the Commission in all future matters. Instead, we must consider whether Ms. Davis's purported representation of the Commission creates a conflict of interest or bias sufficient to necessitate disqualification.

prosecuted the case against him before the Tennessee Board of Examiners for Architects and Engineers also advised the same board in separate matters. *Martin*, 78 S.W.3d 249, 258 (Tenn. Ct. App. 2001). In particular, the court characterized the architect's argument as that "the [b]oard and the Department [of Commerce and Insurance] failed to insulate the lawyers who prosecute cases before the Board from those who advise and represent the Board in other matters." *Id.* at 264. According to the architect, such a combination of functions violated due process, necessitating disqualification of the prosecuting attorney. *Id.* at 260–61.

To begin the analysis as to the permissibility of this scheme, we first acknowledged that the United States Supreme Court "has provided the constitutional framework for analyzing combination of function issues arising from state and federal administrative proceedings." *Id.* at 264 (citing ***Withrow v. Larkin***, 421 U.S. 35, 95 S. Ct. 1456, 43 L. Ed. 2d 712 (1975)). Through this framework, the combination of functions alone is insufficient to violate due process; rather, the party seeking disqualification must demonstrate an intolerably high risk of actual bias. *Id.* (citing *Administrative Law and Practice* § 6.11[1], at 310). Under this standard, "any form of function combination, occurring alone and without other exacerbating biasing influences, is very unlikely to run afoul of procedural due process." *Id.* (citing John R. Allison, *Combination of Decision–Making Functions, Ex Parte Communications, and Related Biasing Influences: A Process–Value Analysis*, 1993 Utah L. Rev. 1135, 1167–68 (1993)).

Applying this framework to the facts in *Martin*, we noted that the combination of prosecutorial and adjudicative functions was "problematic[.]" *Id.* Indeed, a prosecutor, as a "partisan advocate for a particular point of view," has a role "inconsistent with the objectivity expected of administrative decision-makers[]."*Id.* at 265. This combining of functions "creates a substantial risk that the advice given to the decision-maker will be skewed." *Id.* (citing ***Howitt v. Superior Court***, 3 Cal. App. 4th 1575, 1584, 5 Cal. Rptr. 2d 196, 202 (Cal. Ct. App. 1992)). Still, we concluded that "the risk of bias becomes intolerably high only when the prosecutor serves as the decision-maker's advisor in the same or related proceeding." *Id.* Therefore an attorney advising an administrative agency may prosecute a matter before the agency "when an independent hearing officer presides over the contested case and the prosecutor plays no role in the agency's deliberations." *Id.* (citing ***Ogg v. Louisiana Bd. of Chiropractic Exam'rs***, 602 So.2d 749, 752-53 (La. Ct. App. 1992)). Thus, an attorney may advise the agency in one proceeding while serving as a prosecuting attorney in another; likewise, two lawyers from the same office could hold these two disparate roles without creating a due process issue, so long as proper screening was utilized. *Id.* Thus, the *Martin* framework generally aligns with the conflict of interest rules codified in the UAPA. Compare ***id.***, *with* Tenn. Code Ann. § 4-5-303.

While the City of Memphis and the Commission argue that the case directly aligns with the present matter, Petitioners argue that *Martin* does not apply when an attorney

- 11 -

not only advises, but also formally represents, an agency as a client. Instead, they assert that the Tennessee Supreme Court's Rules of Professional Conduct should apply and bar Ms. Davis and the City Attorney's Office from representing the City of Memphis before the Commission through a conflict of interest analysis applicable to non-governmental attorneys. Respectfully, we disagree that *Martin* does not apply to the present case.

In *Martin*, we did not distinguish between advising and formally representing clients. Indeed, our explanation of the architect's position in *Martin* reveals that no distinction was made between advising and representing the agency, as we characterized the architect's argument as being an impermissible comingling of "the lawyers who prosecute cases before the Board from those who advise *and represent* the Board in other matters." *Id.* at 264 (emphasis added). Instead, the basis of the *Martin* opinion is that the risk of bias is not intolerably high where a lawyer serves two inconsistent roles, so long as those roles are in different proceedings. *Id.* We fail to see a difference in the application of this rule based on whether the lawyer is merely advising or purporting to represent the agency. Applying this rule to the case-at-bar, even taking Petitioner's allegations in the light most favorable to them, Ms. Davis, at most, served in inconsistent roles in two separate proceedings.[5] Thus, under either the conflict of interest rules contained in the UAPA or the due process requirements found in *Martin*, disqualification was not required.

Additionally, we are not persuaded by Petitioners' reliance on the conflict of interest rules contained in the Rules of Professional Conduct. In particular, Petitioners argue that Ms. Davis had an adverse conflict of interest under Rules of Professional Conduct 1.7 and 1.11 based on her separate representations of the City of Memphis and the Commission.[6] Of course, we agree that the Tennessee Rules of Professional Conduct

---

[5] According to her affidavit, Ms. Davis did not discuss or make recommendations to the Commission on the *Small* matter. There is no evidence to contradict Ms. Davis's affidavit. However, there can be no dispute that Ms. Davis filed a notice stating to the court that she was representing the Commission in the *Small* matter.

[6] Petitioners argue that Ms. Davis violated subsection (a)(1) and (a)(2) of Rule of Professional Conduct 1.7, which states:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

Tenn. Sup. Ct. R. 8. RPC 1.7(a). Petitioners argue that Ms. Davis did not meet the requirements of subpart (b) which would allow for continued representation when informed consent was provided. "A lawyer who has served or is currently serving as a public officer or employee is personally subject to the Rules of Professional Conduct . . . . In addition, such lawyer is subject to RPC 1.11 and to statutes and government regulations regarding conflicts of interest." Tenn. Sup. Ct. R. 8, RPC 1.11, cmt. 1.

prohibit representation of clients with adverse interests, depending on the particular situation. The Rules themselves, however, state that "[c]ertain government lawyers may be authorized to represent several government agencies, officers, or employees in legal controversies in circumstances where a private lawyer could not represent multiple clients." Tenn. Sup. Ct. R. 8, Scope [19]. Indeed, other provisions of the Rules applicable to government attorneys recognize that other law may inform decisions concerning their obligations. For example, the rule addressing special conflicts of interest for current and former government employees states that the conflict of interest rules are generally applicable to government lawyers, "[e]xcept as law may otherwise expressly permit[.]" Tenn. R. Sup. Ct. R. 8, RPC 1.11(d)(1); *cf.* Tenn. R. Sup. Ct. R. 8, RPC 1.11 cmt. 5 ("The question of whether two government agencies should be regarded as the same or different clients for conflict of interest purposes is beyond the scope of these Rules."); Tenn. R. Sup. Ct. 8, RPC 1.13 cmt. 8 ("Defining precisely the identity of the client and prescribing the resulting obligations of such lawyers may be more difficult in the government context and is a matter beyond the scope of these Rules."). Thus, the Rules expressly contemplate that the responsibilities of government lawyers are not fully defined by the Rules, but are also governed by other applicable law. *Id.* ("These Rules do not abrogate the powers and responsibilities of government lawyers as set forth under federal law or under the Constitution, statutes, or common law of Tennessee. The resolution of any conflict between these Rules and the responsibilities or authority of government lawyers under any such legal provisions is a question of law beyond the scope of these Rules.").

Thus, the question of whether a conflict of interest exists for a government attorney cannot be resolved solely by reference to the Tennessee Rules of Professional Conduct. Rather, we must look to the applicable statutes and common law to resolve disputes of this kind. In the present case, the UAPA expressly creates standards for conflicts of interest in administrative procedures. Moreover, the *Martin* decision reflects that a combination of functions does not run afoul of due process where the two functions are served in unrelated proceedings.

Further, similar reasoning applies to Petitioners' argument that Ms. Davis's apparent representation of the Commission created an appearance of impropriety that would lead to disqualification. An appearance of impropriety exists when "'an ordinary knowledgeable citizen acquainted with the facts would conclude that the . . . representation poses substantial risk of disservice to either the public interest or the interest of one of the clients.'" *Clinard v. Blackwood*, 46 S.W.3d 177, 187 (Tenn. 2001) (quoting N.J. Rules of Prof. Cond. 1.7(c)(2)). Disqualification of an attorney based on the appearance of impropriety, however, "is a drastic remedy and is ordinarily unjustifiable based solely on the appearance of impropriety." *Id.* (footnote omitted). Cases in which Tennessee courts have held that the appearance of impropriety "can be purged only by disqualification" have involved situations of firms that "switched teams" and opposed a lawyer's client in the same litigation, see *State v. Key*, No. M2002-00154-CCA-R9-CD, 2002 WL 31373474, at *2 (Tenn. Crim. App. Oct. 15, 2002), or where a member of the

Post-Conviction Defender Commission, appointed to represent the defendant, was distantly related to the victim. *See* ***Burns v. State***, No. W2000-02871-CCA-R9-PD, 2001 WL 912817, at *5 (Tenn. Crim. App. Aug. 9, 2001).

Petitioners argue that an appearance of impropriety is created by Ms. Davis's dual roles. This argument, however, does not align with the statutes that govern administrative procedures in Tennessee or an understanding of how administrative actions operate. As shown above, conflicts of interest arise in administrative proceedings when an attorney both advises and advocates before an agency in the same matter. *See* Tenn. Code Ann. § 4-5-303. In administrative matters, some overlapping of administrative, prosecutorial, and adjudicative functions is not inconsistent with fundamental fairness. ***Heyne v. Metro. Nashville Bd. of Educ.***, 380 S.W.3d 715, 735 (Tenn. 2012) (citing ***Martin***, 78 S.W.3d at 264). The risk of bias may become intolerable when an attorney is an advisor and advocate in the same matter, but a previous, unrelated relationship does not create the same risk. ***Martin***, 78 S.W.3d at 249. Ms. Davis filed a notice of appearance on behalf of the Commission in one case and served as an advocate before the Commission on other matters. As stated above, this type of representation is contemplated and permissible under Tennessee law. *See generally* ***Martin***, 78 S.W.3d at 264-65; Tenn. Sup. Ct. R. 8, Scope [19]. When examined by a knowledgeable citizen, the circumstances surrounding administrative matters shows that state law both contemplates and allows government attorneys to conduct these types of representations. Because Ms. Davis's alleged representation did not extend to the cases brought by Petitioners, their drastic call for disqualification is not warranted under an appearance of impropriety standard.

With these considerations in mind, we proceed to the review outlined by the UAPA. As state statutes provide for the type of dual representation alleged in the present case, no violations of constitutional or statutory provisions exist to warrant a reversal. *See* Tenn. Code Ann. § 4-5-322(h)(1); Tenn. Code Ann. § 4-5-303; Tenn. Code Ann. § 4-5-301. The procedure outlined in the UAPA and the Memphis City Charter was followed,[7] as the Commission held a full hearing on Petitioners' motion on January 31, 2018 and issued a ruling less than 90 days following the hearing. *See* Tenn. Code Ann. § 4-5-322(h)(3); Memphis City Charter, art. 34, § 248. Here, the Commission and the trial court denied Petitioners' motion based on state statutes and caselaw regarding conflicts of

---

[7] Section 248 of the Memphis City Charter states the following about Commission appeals:

> Upon an employee's appeal from his termination, demotion, or suspension, a hearing shall be held before a hearing officer which shall be randomly selected from the qualified Commissioners, within a reasonable time thereafter, not to exceed ninety (90) days from filing of the appeal. . . . The decision of the hearing officer shall be stated in writing and shall include the hearing officer's findings of fact and conclusions therefrom within ninety (90) days of the conclusion of the hearing.

Memphis City Charter, art. 34, § 248.

interest in administrative matters. Their decisions are supported by the evidence in the record and do not indicate a clear error of judgment or abuse of discretion by the Commission or the trial court. Tenn. Code Ann. § 4-5-322(h)(4). Based on our review, Petitioners' contention that the trial court erred in denying its motion to disqualify Ms. Davis and/or the City Attorney's Office is not supported by the record or the statutes that govern administrative procedures. Since Petitioners' rights were not prejudiced by the Commission's actions as outlined by state statutes, the judgment of the trial court is affirmed.

## CONCLUSION

The judgment of the Shelby County Chancery Court is affirmed, and this cause is remanded to the trial court with instructions to remand to the Commission for all further proceedings as are necessary and consistent with this Opinion. Costs of this appeal are taxed to Appellants Penney Mosley, Joey Jackson, Mario Ackers, Beverly Prye, Taurick Boyd, Michael Savage, and John Littles, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE